# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 21-5025**                                            **September Term, 2020**

**1:20-cv-03354-UNA**

**Filed On:** May 25, 2021

Donald White,

      Appellant

  v.

Edward Markey, United States Senate, et al.,

      Appellees

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Pillard and Walker, Circuit Judges, and Sentelle, Senior Circuit Judge

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief and supplement filed by appellant.  See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j).  It is

**ORDERED AND ADJUDGED** that the district court's order entered December 22, 2020, be affirmed.  Appellant has not shown that the district court erred in dismissing the case without prejudice for failure to comply with Federal Rule of Civil Procedure 8(a) and for lack of subject matter jurisdiction.  Appellant's complaint did not set forth "a short and plain statement of the grounds for the court's jurisdiction" or "a short and plain statement of the claim showing that the pleader is entitled to relief."  See Fed. R. Civ. P. 8(a).  Additionally, appellant failed to plead facts to establish his standing to sue, and "the defect of standing is a defect in subject matter jurisdiction." Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987).  To establish Article III standing, plaintiffs must allege an injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling."  Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409, 133 S. Ct. 1138, 1147 (2013) (quoting Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 149–50 (2010)). Appellant has not demonstrated what, if any, injury he sustained as a result of the facts alleged.

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

## No. 21-5025

## September Term, 2020

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

### **Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk